UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Weisen,<br><br>          Plaintiff,<br><br>v.<br><br>M.G.M. Wine & Spirits Inc., d/b/a MGM Wine and Spirits and SPIRITS PROPERTIES,<br><br>          Defendants. | Court File No. 0:20-cv-01400-NEB-KMM<br><br>**ANSWER** |

Defendant SPIRITS PROPERTIES ("Spirits Properties" or "Defendant") denies each and every allegation in Plaintiff Jeffrey Weisen's ("Plaintiff") Complaint, except as specifically admitted in this Answer or otherwise qualified, and states in Answer to the Complaint as follows:

## INTRODUCTION

1. Paragraph 1 does not contain allegations against Defendant to which a response is required. Defendant denies that Plaintiff is entitled to any relief.

2. Paragraph 2 contains only legal conclusions to which no response is required.

3. Paragraph 3 contains only legal conclusions to which no response is required.

4. Paragraph 4 contains only legal conclusions to which no response is required. The ADA speaks for itself.

5. Paragraph 5 contains only legal conclusions to which no response is required.

6. Paragraph 6 contains only legal conclusions to which no response is required.

12665418v2

7. Paragraph 7 contains only legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Paragraph 11 contains only legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

12. Defendant denies the allegations in paragraph 12.

**JURISDICTION, VENUE, AND PARTIES**

13. Paragraph 13 contains only legal conclusions to which no response is required.

14. Paragraph 14 contains only legal conclusions to which no response is required.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and, therefore, denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and, therefore, denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and, therefore, denies the same.

18. Paragraph 18 does not contain allegations against Defendant to which a response is required. To the extent a response to required, Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations in paragraph 18 and, therefore, denies the same.

19. Paragraph 19 does not contain allegations against Defendant to which a response is required. Paragraph 19 also contains legal conclusions to which no response is required.

20. Defendant admits that it owns the real property upon which MGM is located. The remaining allegations in Paragraph 20 are merely legal conclusions to which no response is required.

## ALLEGED ARCHITECTURAL BARRIERS

21. Defendant denies the allegations in paragraph 21.

## POLICIES, PROCEDURES AND PRACTICES

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegation in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Paragraph 27 contains only legal conclusions to which no response is required.

28. Paragraph 28 contains only legal conclusions to which no response is required.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and, therefore, denies the same.

12665418v2

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

## FIRST CAUSE OF ACTION

37. Defendant denies the allegations in paragraph 37.

38. Paragraph 38 contains only a legal conclusion to which no response is required.  The ADA speaks for itself.

39. Paragraph 39 contains only a legal conclusion to which no response is required.  The ADA speaks for itself.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Paragraph 42 contains only a legal conclusion to which no response is required.  The ADA speaks for itself.

43. Paragraph 43 contains only a legal conclusion to which no response is required.  The ADA speaks for itself.

44. Paragraph 44 contains only a legal conclusion to which no response is required.

45. Defendant denies the allegations in paragraph 45.

46. Paragraph 46 contains only a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 46.

47. Paragraph 47 contains only a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 47.

48. Paragraph 48 contains only a legal conclusion to which no response is required. The ADA speaks for itself.

49. Defendant denies the allegation in paragraph 49.

50. Defendant denies the allegation in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegation in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegation in paragraph 54.

55. Defendant denies that Plaintiff is entitled to a nominal monetary award.

56. On information and belief, Defendant admits that Plaintiff has retained the counsel as indicated. Defendant denies that Plaintiff is entitled to recover attorneys' fees, litigation expenses, or any costs from Defendant.

## SECOND CAUSE OF ACTION

57. Defendant denies the allegations in paragraph 57.

58. Paragraph 58 contains only legal conclusions to which no response is required.

12665418v2

59. Defendant denies the allegations in paragraph 59.  Plaintiff is not entitled to any declaratory judgment.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any elements that already legally belong to Plaintiff, Defendant asserts the following Affirmative Defenses:

1. Except as admitted or qualified herein, Defendant denies each and every allegation in the Complaint.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff lacks standing to pursue the claims asserted.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4. Defendant acted in good faith at all relevant times, and its conduct, policies, practices, and procedures were in compliance with the ADA at all relevant times.

5. Removal of the barriers, if any, alleged by the Plaintiff is not readily achievable.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant requests that the Court:

1. Dismiss Plaintiff's Complaint on the merits with prejudice;

2. Award Defendant its costs and disbursements and attorney fees as allowed by law; and

3. Grant such other relief as the Court deems just and equitable.

12665418v2

| | |
|---|---|
| Dated:  June 24, 2020 | **TAFT STETTINIUS & HOLLISTER LLP** |

By: */s/ Danielle W. Fitzsimmons*
    Danielle W. Fitzsimmons (#391130)
    Samuel N. Louwagie (#0400885)
2200 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2157
Telephone: (612) 977-8400
Fax:　　　(612) 977-8650
Email:　　dfitzsimmons@taftlaw.com
　　　　　slouwagie@taftlaw.com

**ATTORNEYS FOR DEFENDANT SPIRITS PROPERTIES**

12665418v2

7